F. M. WEAVER v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF LYON.

No. 13,563. (76 Pac. 407.)

SYLLABUS BY THE COURT.

HIGHWAYS—*Jurisdiction of District Court upon Appeal.* The district court has no jurisdiction to review proceedings had before the county commissioners in opening a public highway, unless there is attached to the petition in error a properly-certified transcript of the proceedings before the commissioners.

Error from Lyon district court; DENNIS MADDEN, judge.   Opinion filed April 9, 1904.   Affirmed.

*Kellogg & Madden*, for plaintiff in error.

*W. T. McCarty*, and *J. G. Hutchison*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :  This is a proceeding to reverse an order of the district court sustaining a demurrer to plaintiff's petition.   The plaintiff was the owner of certain real estate in Lyon county, Kansas.   A petition was presented to the board of county commissioners of said county asking that a public highway be located between two points stated in the petition, which would cross over the land belonging to plaintiff. Such proceedings were had as resulted in the location of the road.

Thereafter the plaintiff filed a petition in error in the district court asking that court to set aside and vacate the order of the county commissioners locating and establishing the road through and across his land.   The plaintiff did not attach to the petition in error filed in the district court a transcript or any authenticated record of the proceedings had before the board of commissioners.   Under the provisions of our code, and the uniform practice in this state, a party seeking to have an order or judgment of an inferior court, board or tribunal reviewed by proceedings in error must bring to the reviewing court the proceedings had in the lower court in some of the ways provided by statute.   The only way that a reviewing court can be informed of what the proceedings were in the inferior court is by a properly authenticated record of such proceedings.   In the ab-

sence of such record there is nothing for the superior court to review.

Probably the defendant should have filed a motion to dismiss the petition in error in the district court, instead of a demurrer, but this mistake in practice was not prejudicial to the plaintiff. In the absence of such record, the district court had no jurisdiction to review the proceedings of the county commissioners.

The judgment of the district court is affirmed.

All the Justices concurring.